## Bernhard Helms v. Gerhard Gerriets.

1. Practice—*Reversed, But Not Remanded.*—Where a party upon his own showing has no cause of action, a judgment in his favor will be reversed and the cause will not be remanded.

Assumpsit.—Appeal from the Circuit Court of Whiteside County; the Hon. James Shaw, Judge, presiding. Heard in this court at the December term, 1894. Reversed. Opinion filed May 28, 1895.

J. E. McPherran, attorney for appellant.

O. F. Woodruff, attorney for appellee.

Mr. Justice Harker delivered the opinion of the Court.

The evidence in this record shows that appellee and one Carter, in December, 1892, bought a saloon outfit and stock in Sterling, Illinois, for $1,500, giving as purchase money their notes for $1,000 with appellant as security, and their two notes for $250 each with Henry Fulfs as security on one, and Bernard Fulfs as security on the other; that appellant bought out Carter's interest in March, 1893, for $800, to be applied on the notes for $1,000 on which he was security; that appellant and appellee carried on the business as partners until September, 1893, when appellant bought appellee out. It was claimed by appellee that the consideration for the last mentioned purchase was that appellant should pay all the debts of the saloon, while it was claimed by appellant that the consideration was that he should pay the cigar and whisky debts of the saloon.

Appellant paid the notes for $1,000 on which he was security, and the Fulfs paid the two notes on which they were security.

Claiming that the two notes paid by the Fulfs were a part of the debts which appellant had agreed to pay at the time he purchased appellee's interest, appellee brought this suit and recovered a judgment against him for $551.21.

The evidence abundantly shows that appellant complied with his contract with Carter. He did even more. He paid

the entire $1,000 instead of $800 of the notes for which he was security. If liable at all it was by virtue of his contract with appellee at the time he bought him out.

Appellee and two witnesses swore that appellant agreed to pay all the debts against the saloon. Appellant and three witnesses swore that he agreed to pay only the bills against the saloon—the whisky and cigar bills as some of them put it. If the only question in the case was the one involved in this conflict we should not disturb the judgment. The notes paid by the Fulfs were not in a legal sense debts against the saloon. They were debts of the old firm of Carter & Gerriets. Appellant was not liable to pay them unless he had specially agreed to do so. It does not appear that they were mentioned. Appellant was at that time ignorant of the fact that the notes were not outstanding.

The evidence in the case did not justify the giving of the first instruction asked by appellee. There was no proof whatever that appellant had agreed to pay the notes.

Appellee is without merit in his suit and does not appear in a favorable light to us. At the time appellant bought him out he represented that there was about $400 of indebtedness against the saloon when there was in fact, $1,200, which appellant subsequently paid. He had not indemnified the Fulfs who were compelled as securities to pay his notes, and yet he seeks judgment against appellant for the amount paid by them.

The judgment should be reversed, and for the reason that appellee upon his own showing has no cause of action, the case will not be remanded.    Reversed.